Green, J.
delivered the opinion of the court.
This action was brought against the plaintiff in error by Hodges for a breach of contract in failing to deliver a certain number of hogs at the price stipulated in the contract.
On the trial, the court told the jury, that they might give interest by way of damages, or not, as they fhight think proper, upon such sum as they might find to be the difference between the price agreed on and the value of the pork at the time it was to be delivered. To this direction the defendant excepted, and presented his bill of exceptions upon that point of the charge alone, without setting out any of the evidence in the cause, which bill of, exceptions was signed and sealed by the court. To this practice, the plaintiff excepted and presented his bill of exceptions, which was also signed and sealed by the court.
It is certainly true, that the demand for which this suit was brought, does not bear interest under our act of assembly; but we perceive no objection to the jury (in estimating the damages) fixing the amount of their verdict by the sum they think the plaintiff was entitled to at the time the contract was broken and interest on that amount added together. Although therefore, strictly speaking, a plaintiff is not entitled to interest in such a case as this, yet if the jury should arrive at the amount of the damages they find, by the process indicated by the court, it *105 would not be error. But if this charge of the court was erroneous, inasmuch as it was left to the jury to give interest or not, as they might choose, it may be that no interest was computed, and that if the testimony had been set out, this court might see with certainty that the verdict was just such a one as must have been rendered, had the charge been unexceptionable. We do not, therefore, deem it proper to grant a new trial. .Affirm the judgment.
Note? — Where, after a'creditor has endeav'ored to obtain payment, there has been a wrongful withhold] ng of a debt arising out of a contract, which does not carry interest, the jury may allow interest in the shape of damages for the unjust detention of the money. 3 J3ing. 353; 2 C. & P. 88. See 15 East, 233.,
Interest is not allowed on unliquidated damages. Peters’s C. C. Rep. 86,224. It is however generally in the discretion of the jury to give interest in the name of damages. JVillings vs. Consequa, Pet. C. C. Rep. 172. Whenever agreements will admit of it, the court will substitute certainty for uncertainty in relation to compensation for the non-execution of such agreements.' Ordinary interest as such, or in the form of damages, seems to have been wisely adopted as the principle of this substitution. Where a man who has contracted to deliver or convey property or perform services, fails to do so, the law will presume that the person with whom the contract was made would have derived a benefit from the performance of such contract equivalent to the interest of the money which represents its value. Talbot vs. Bradford's heirs, Cooke, 445.